THE PEOPLE *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Guayama.

No. 70.—Decided October 24, 1910.

RECORD OF TITLES—PREVIOUS RECORD OF THE RIGHT OF THE PERSON CONVEYING—
LIABILITY OF REGISTRARS.—To record or enter instruments transferring or en-
cumbering the ownership or possession of real property or property rights, the
interest of the person conveying it, or in whose name the transfer or encum-
brance is made, must be previously recorded. Registrars shall refuse to record
such instruments where this requisite has not been complied with, they being
directly responsible for the damage they may cause third parties by the viola-
tion thereof.

ID.—CERTIFICATES OF SALE ISSUED BY COLLECTORS OF INTERNAL REVENUE.—The
foregoing doctrine, which is a provision of section 20 of the Mortgage Law,
cannot be understood as repealed by sections 351 and 352 of the Political
Code, as amended by the Act of March 14, 1907, the provisions of the latter
being perfectly compatible with those of the former, and must be interpreted
as meaning that the registrar shall record the certificates of sale issued by the
collectors, subject, however, to the provisions of the Mortgage Law, in which
it is provided when and how the records shall be made.

The facts are stated in the opinion.

*Mr. Jesús M. Rossy, fiscal,* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an administrative appeal brought here for de-
cision from a ruling of the Registrar of Property of Guayama
refusing to admit to registration a certificate of the purchase
of a tract of land at tax sale in the municipality of Cidra.
The registrar in his note refusing the registration makes the
following statement:

"The registration of the foregoing document is refused: 1. Be-
cause the real property which has been judicially sold does not appear
on record in favor of the Succession of Ezequiel Sierra nor in favor
of anybody else; 2. Because the term of one year from the date of
the sale has not expired at this date; and both the above defects not
being amendable, I deny the registration, and enter a cautionary
notice on volume 14 of Cidra, folio 21, in accordance with the Law of
May 1, 1902. Guayama, September 26, 1910."

The *fiscal* of this court files a somewhat lengthy brief in which he reviews the reasons stated by the registrar for his refusal to register the tax deed, and admits that ordinarily these reasons would apply between private parties, but that they have no application to The People of Porto Rico when it becomes the purchaser of land at tax sales. He refers in this connection not only to the Mortgage Law, section 20, but to sections 340, 341, 342, 347 and 352 of the Political Code and other sections as amended by the Act of March 14, 1907 (see Sess. Acts of 1907, pp. 341 and 342), under which he claims that the Mortgage Laws have virtually been modified so as to permit of the registration of such a document as that presented herein.

We do not think that these modifications have the effect of changing the construction put upon section 20 of the Mortgage Law by this court in its resolution of January 26, 1905, in the case of *The People of Porto Rico* v. *The Registrar of Property of Ponce* (6 P. R. Rep., 11), in which we substantially say:

"The record or instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded, and the registrars shall be directly responsible for the damage they may cause third parties by the violation of this provision."

The foregoing doctrine, which is a provision of section 20 of the Mortgage Law, cannot be understood as repealed by sections 351 and 352 of the Political Code, whose provisions are perfectly compatible with those of the former, and must be interpreted as meaning that the registrar shall record the certificates of sale issued by the collectors, subject to the provisions of the Mortgage Law, in which it is provided when and how the records shall be made.

We regard this opinion of the court written by the late Chief Justice Quiñones as settling this question in favor of the

decision of the registrar and do not consider that further argument or discussion is necessary in the premises.

For the reasons stated the ruling of the registrar in this case will be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.